## OKLAHOMA CITY UNDERTAKING CO. v. GREER.

No. 16792—Opinion Filed Feb. 16, 1926.

Rehearing Denied April 6, 1926.

**Chattel Mortgages — Judgment of Foreclosure as Ancillary to Action on Contracts After Verdict for Plaintiff on Contracts.**

Upon the trial of a law action, consisting of two causes of action upon separate and distinct contracts, where the verdict of the jury on both causes of action in favor of plaintiff is reasonably sustained by the evidence, the court is authorized, in rendering judgment on such verdict, to order foreclosure of a mortgage given to secure the performance of either or both of such contracts, the validity of the| mortgage not being a question at issue in the case, and plaintiff having asked such relief as ancillary to his action on the two contracts.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Bennie Greer against the Oklahoma City Undertaking Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Wilkinson & Bell, for plaintiff in error.

Walter E. Latimer, for defendant in error.

Opinion by PINKHAM, C. This action was instituted by the defendant in error, plaintiff in the lower court, against the plaintiff in error, as defendant. The parties will be referred to as they appeared in the trial court.

The plaintiff, Bennie Greer, in his first cause of action, alleges that on or about the

8th day of July, 1924, he entered into a written contract with the defendant, Oklahoma City Undertaking Company, by the terms of which he was to manage the undertaking business of the defendant company for a period of one year, and alleges that by mistake or fraud the written contract is not the agreement as to the commission he was to receive; that he was to receive 15 per cent. of all the monies received by said business after deducting the cost of coffins and hiring of vehicles, if any, and asks that said contract be reformed in this particular, and alleges that said commission would amount to $400 per month; that the defendant refused to make said payment, and has never paid him anything except $200 on said commission; that the defendant is also indebted to him for advances made in the sum of $106.59.

In his second cause of action the plaintiff claims that the defendant is indebted to him on a note made and executed by defendant in the sum of $435; said note being executed on June 30, 1924, and drawing interest at the rate of ten per cent. per annum until maturity, and ten per cent. after maturity until paid, and ten per cent. additional as an attorney's fee if said note is placed in the hands of an attorney for collection; that said note was secured by chattel mortgage on the defendant company's hearse; that said note is past due, and that plaintiff is entitled to foreclosure of the mortgage. Plaintiff admits in his petition that $200 has already been paid upon said note, said payment being made on December 22, 1924, and plaintiff asks for judgment against the defendant, Oklahoma City Undertaking Company, for the sum of $435, with interest at ten per cent. from June 20, 1924, less $200 paid on said note. and ten per cent. additional as attorney's fees on the amount due on said note at the time this suit was brought, to wit, on January 9, 1924.

The defendant, in its answer, denies all the material allegations in the said petition contained in the first cause of action, and further answering, alleges that the contract sued upon was breached by the plaintiff in the month of October, 1924, and that the plaintiff at that time refused to proceed further in the carrying on of the duties devolving upon him by the terms of the contract, and further alleges that the plaintiff is not entitled to recover anything by virtue of the terms of said contract, for the reason that it was a condition precedent to the performance of said contract that the plaintiff be an experienced undertaker and fully capable of managing the defendant's business; that

plaintiff was not a competent and experienced undertaker, and did not devote his time to the company's business, as required by said contract.

The cause was tried before a jury and resulted in a verdict in favor of the plaintiff on his first cause of action in the sum of $482.49, and in favor of plaintiff on his second cause of action in the sum of $278.21. It was the judgment and decree of the court that the plaintiff, Bennie Greer, recover of and from the defendant, Oklahoma City Undertaking Company, the sum of $482.49, upon the first cause of action, with interest thereon from March 20, 1925, at the rate of six per cent. per annum, and the sum of $278.21, on the second cause of action, with ten per cent. interest thereon from March 20, 1925, until paid, and for costs of the action, and that the said chattel mortgage on the said hearse be foreclosed, and an order of sale issue to the sheriff of Oklahoma county commanding him to advertise and sell said hearse and apply the proceeds as directed by the judgment. Defendant's motion for a new trial was overruled, exceptions saved, and the cause comes regularly upon appeal of the defendant to this court for review.

Under numerous assignments of error counsel for defendant in their brief discuss several propositions, to the effect that the amount of recovery allowed the plaintiff under both causes of action was too large; that the verdict of the jury is not sustained by sufficient evidence; that the verdict is contrary to law; and that the contract in question was not subject to reformation.

The plaintiff asked for relief on two causes of action: First, for profits under the contract to manage as an undertaker the business of the defendant; and, second, for the amount of a certain note, principal, interest, and attorney's fees, and foreclosure of a chattel mortgage, which chattel mortgage secured both causes of action.

The record is voluminous, and, as suggested by counsel for plaintiff, confusing. Briefly stated, the evidence discloses that the plaintiff, who had for some years been engaged in the undertaking business, entered into a contract in July, 1924, with the defendant, Oklahoma City Undertaking Company, to perform certain duties therein mentioned for the period of one year "at a salary of 15 per cent. of the net proceeds of the undertaking business." The testimony shows that the plaintiff entered upon his duties in the early part of August, 1924, as such undertaker, and continued as such until about the time of the filing of this action in January, 1925. There was a sharp conflict in the evidence as to the cause of the controversy between the parties which culminated in the present action. The evidence on the part of the plaintiff tends to show that the defendant, through its officers, became dissatisfied with the plaintiff on account of the compensation agreed to be paid him by the terms of the contract, and that after a few months declined to pay him any further sums of money. The evidence on the part of the defendant was to the effect that the plaintiff was totally incompetent to discharge the duties which he had agreed to perform under the contract, and that he voluntarily quit the business. This conflict in the testimony raised a question of fact, which, under the instructions of the court, was properly submitted to the jury for its determination.

The court instructed the jury, in substance, that if it found that the plaintiff did not breach his contract, but that he performed the services incumbent upon him or was ready and willing to perform such services under and by virtue of the terms of said contract, and that he was prevented from further continuing in the performance of his said duties by the defendant, then the jury's verdict, if it should find for the plaintiff, should be for the profits which the jury found he was entitled to under the evidence from the 1st day of August, 1924, until the 1st day of March, 1925.

If there is any competent testimony that reasonably tends to support the verdict of the jury the judgment based thereon will not be reversed on appeal. We think there was competent evidence reasonably tending to sustain the jury's verdict.

It is further contended that the verdict of the jury was contrary to law. The argument is that the plaintiff was seeking to reform a written contract; that the contract was plain and unambiguous, and that the burden was upon the plaintiff to establish his claim by conclusive evidence. The plaintiff alleged in his petition, and claimed upon the trial, that the written contract does not set forth the actual agreement between the plaintiff and the defendant undertaking company, in that it was mutually agreed by and between the plaintiff and the defendant, that the plaintiff should receive 15 per cent. of the gross receipts from the undertaking business, less the expenses for coffins and hiring of automobiles, if any, which might be used in taking charge of the various funerals, and that it was not the mutual agreement and understanding that the plaintiff should receive 15 per cent. of the net proceeds after

deducting all of the expenses of the business carried on by the undertaking company.

There is evidence in the record tending to show that the defendant company settled with the plaintiff, for a number of months prior to the bringing of the action, on the basis of 15 per cent. of the gross proceeds of the business instead of 15 per cent. net, thus agreeing to the contention made by the plaintiff that a mutual mistake had been made when the contract was drawn in so far as this particular matter is concerned. On this phase of the case the court instructed the jury that:

"If you believe from the evidence that the parties, prior to the execution of the written agreement, mutually agreed and intended that the plaintiff should receive 15 per cent. of the gross receipts of the undertaking business, after deducting the expense of coffins and auto hire, then your verdict, if you should find a verdict for the plaintiff upon this first cause of action, should be in the amount of 15 per cent. of the money collected in the undertaking business, less the expense of coffins and automobile hire: otherwise if you should find for the plaintiff your verdict should be for such sum as you find he is entitled to, if any, in the amount of 15 per cent. of the gross receipts of the undertaking business, less the entire cost and expenses of carrying on said business, in each instance less the amount, if any, you find that the defendant undertaking company has paid to the plaintiff under said contract."

No exception was taken by defendant to this instruction.

However, as we view this case, after a careful examination of the entire record, we conclude that the evidence amply sustains the verdict, findings, and judgment of the trial court, whether the compensation agreed to be paid the plaintiff under the contract in question is based upon the net proceeds of the business or the gross proceeds of the same.

Upon the trial of a law action, consisting of two causes of action upon separate and distinct contracts, where the verdict of the jury on both causes of action in favor of plaintiff is reasonably sustained by the evidence, the court is authorized, in rendering judgment on such verdict, to order foreclosure of a mortgage given to secure the performance of either or both of such contracts, the validity of the mortgage not being a question at issue in the case, and plaintiff having asked such relief as ancillary to his action on the two contracts.

Upon the whole case, we think the judgment of the trial court should be affirmed.

Defendant in error in this case has asked for a judgment against the sureties on the supersedeas bond filed herein in the event the judgment of the trial court should be affirmed, it appearing that judgment herein was superseded by a bond on which Gertrude Carter, Thomas Essie, Floyd Scott, and E. C. King were sureties. Judgment is therefore rendered against the said sureties on the supersedeas bond.

By the Court: It is so ordered.

Note.—See under (1) 11 C. J. p. 699 § 492 (Anno).